## TAYLOR BROS. et al. v. MAGILL et al.

No. 21818.   Opinion Filed April 21, 1931.

Cheek & McRill, for petitioners.

Reid, Lewis & Reid, for respondents.

CLARK, V. C. J. This is an original action filed in this court by Taylor Bros. and Fidelity Union Casualty Company, petitioners, against Chas. M. Magill and the State Industrial Commission of Oklahoma, respondents, seeking to review an award of the State Industrial Commission made and entered on the 29th day of September, 1930, wherein the State Industrial Commission found that Chas. M. Magill had received an accidental personal injury arising out of and in the course of his employment with the petitioners on May 28, 1930. The said injury was to the back of respondent's left hand.

The Commission further found that as a result of said accidental injury claimant has been since May 28, 1930, and is now, temporarily totally disabled. The Commission awarded compensation at the rate of $15.39 per week from August 4, 1930, to September 18, 1930, and continuing the payment of compensation weekly thereafter until otherwise ordered by the Commission at the rate of $15.39 per week.

Petitioners contend that the evidence is

insufficient to support the finding of the Industrial Commission that claimant sustained an accidental injury resulting in disability. Petitioners further contend that there was no evidence upon which to base a finding of fact that the disability, if any, suffered by the claimant was the result of accidental injury sustained; and further contend that there was no evidence to sustain a finding of fact that a pre-existing disease or condition was accelerated or aggravated by accidental injury, and that the Commission did not make a finding of fact that disability was the result of pre-existing disease accelerated by injury.

The testimony in this cause discloses that respondent, Magill, was digging a ditch under the floor of a building, lying flat and shoveling the dirt back over, and hit the back of his hand against a sleeper, which has been described as a "2 by 6." Respondent at that time felt a severe pain; his hand began to swell and he worked the balance of the day, but by quitting time his hand was so swollen that he could not close it. That on the 30th day of May, he went to see a doctor and that his hand seemed to be getting worse all the time. All the medical testimony or expert testimony admitted at the time of the trial of this cause that the respondent's hand was in a very serious condition. Some of the testimony was to the effect that it was probably caused by disease, or that a pre-existing disease had been accelerated by the injury. The respondent testified that he had been a strong, healthy man all his life. That he had never had any injury to this particular hand, and had not suffered from any disease since childhood. One of the expert witnesses testified that the disability was the result of tuberculosis. The respondent further testified that there had never been any tuberculosis in his family. His mother lived to be 65 and his father 72 years of age; that he had three sisters, one 55, one 49, and one 52; that he would be 47 his next birthday, and had performed heavy labor all of his life. The testimony further discloses that his little girl had tuberculosis of the hip.

Dr. G. D. Martin, who examined respondent, testified, in part, as follows:

"The condition of these bones at the time of injury was something that could not have developed in the 24 hours elapsing. It was something that was existing prior. What it was I believe it would be impossible to say at this time. It resembles very much the destruction of bone you see in infection —as you see tuberculosis—it is not typical —it also resembles the destruction you also see in certain bone tumor, but it is not a typical picture. The pictures made a month later show in my opinion a progressive change in the bone."

The doctor further testified that respondent could not use his hand—at least, for a considerable time; and he further testified that if there had been a disease of the bone or hand at the time of accident, the accident would have aggravated it. He said, "Certainly, if it was infected, trauma would aggravate and tend to increase the infection."

Where there is any competent evidence supporting the finding of the State Industrial Commission, the same will not be disturbed by this court on review. The proof conclusively shows that there was an accident; that there was a resulting injury, and that it arose out of and in the course of employment. That the disability continued, and it was conclusively shown on the day of the trial that had the hand been infected prior to the injury the injury would have aggravated the infection and caused the disability. The medical experts did not agree, as usual. However, the evidence is sufficient to support the finding of the State Industrial Commission.

The judgment and award is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.